# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN NATHANIEL BROWN,<br>    Petitioner | : <br> : <br> : | |
| v. | : <br> : | No. 1:19-cv-534 <br><br> (Judge Kane) |
| WARDEN OF LSCI ALLENWOOD,<br>    Respondent | : <br> : | |

## MEMORANDUM

On March 26, 2019, pro se Petitioner Kevin Nathaniel Brown ("Petitioner"), who is presently confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a detainer lodged against him by the Georgetown Municipal Court in Georgetown, South Carolina. (Doc. No. 1.) Petitioner initially named the Georgetown Municipal Court as the Respondent in this matter. (Id. at 2.) After Petitioner paid the requisite $5.00 filing fee, the Court entered an Order to Show Cause, directing the Clerk of Court to substitute the Warden of the Federal Low Security Correctional Institution Allenwood ("FCI Allenwood"), where Petitioner is presently incarcerated, as the Respondent and directing Respondent to file a response within twenty (20) days. (Doc. No. 5.)

On April 15, 2019, Petitioner filed a motion to correct the respondent to this action, arguing that the Georgetown Municipal Court is the proper Respondent because it "exercises legal control with respect to the challenged custody." (Doc. No. 7.) On April 29, 2019, Respondent filed a response, asserting that Petitioner's § 2241 petition should be dismissed for lack of jurisdiction. (Doc. No. 8.) The Court received Petitioner's traverse on May 13, 2019. (Doc. No. 9.) For the reasons set forth below, the Court will grant Petitioner's motion to correct Respondent to this action, direct that the Georgetown Municipal Court be substituted as the

respondent in this matter, and transfer this action to the United States District Court for the District of South Carolina for further proceedings.

I. BACKGROUND

Petitioner is currently serving a 130-month sentence imposed upon him by Judge Batts of the United States District Court for the Southern District of New York for charges of conspiracy to distribute and possess with intent to distribute controlled substances and being a felon in possession of a firearm. (Doc. No. 8-1, Ex. A, Attach. 1 at 3.) His projected release date is May 21, 2022. (Id. at 2, 4.)

On December 18, 2018, the Georgetown, South Carolina Police Department sent a letter to the Bureau of Prisons ("BOP") to officially request that a detainer be placed on Petitioner so that he could be extradited back to Georgetown to face additional criminal charges after his release from federal custody. (Id., Attach. 3 at 3.) This letter attached copies of warrants for Petitioner's arrest on charges of first-degree burglary and armed robbery with a deadly weapon. (Id. at 4-5.) In response, on October 10, 2018, the BOP issued the Georgetown Police Department a Detainer Action Letter, stating that the detainer was filed against Petitioner and noting that Petitioner is tentatively scheduled to be released on May 20, 2022. (Id. at 2.)

II. DISCUSSION

"[T]he proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973). Generally, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Padilla, 542 U.S. at 435. However, "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not 'the person who [holds] him in what [is]

alleged to be unlawful custody.'" Graham v. Brooks, 342 F. Supp. 2d 256, 261 (D. Del. 2004) (alteration in original) (quoting Braden, 410 U.S. at 494-95). Instead, the petitioner is deemed to be "in custody" in the second jurisdiction by virtue of those pending charges. See Braden, 410 U.S. at 495.

Here, both Petitioner and Respondent have clarified that Petitioner is challenging his future confinement by the State of South Carolina by challenging the detainer placed against him via the arrest warrants issued by the Georgetown Municipal Court. Thus, Petitioner is correct that the Georgetown Municipal Court is the proper respondent in this matter. See id. Accordingly, the Court will grant Petitioner's motion to correct the respondent to this action (Doc. No. 7) and direct the Clerk of Court to substitute the Georgetown Municipal Court as the respondent in this matter.

District courts, however, are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this phrase to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." Braden, 410 U.S. at 495. Notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. See 28 U.S.C. § 1404(a). Habeas proceedings are generally considered to be civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987); accordingly, the term "civil action" in § 1404(a) includes habeas petitions, see Parrott v. Gov't of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Here, the Georgetown Municipal Court, the proper Respondent, is located within the District of South Carolina. The Court therefore agrees with Respondent that it lacks jurisdiction over Petitioner's § 2241 petition and that the United States District Court for the District of

South Carolina is the proper federal court to consider Petitioner's challenge to the detainer lodged against him. However, rather than dismiss Petitioner's petition for lack of jurisdiction, as Respondent requests, the Court will transfer this action to the United States District Court for the District of South Carolina for further proceedings.[1]  See 28 U.S.C. § 1404(a).

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's motion to correct the respondent to this action (Doc. No. 7) and direct the Clerk of Court to substitute the Georgetown Municipal Court as the respondent in this matter. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be transferred to the United States District Court for the District of South Carolina for further proceedings. An appropriate Order follows.

---

[1] This Court takes no position on the merits of Petitioner's challenge to the detainer lodged against him.